IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:05-759-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMETRIUS RENEE WALKER | ) | |
| | ) | |

This matter is before the court upon motion of the defendant for a reduction of her sentence in light of the recent Supreme Court decision in *Dorsey v. United States*, ___ S. Ct. ___, 2012 WL 2344463 (June 21, 2012). The government opposes the motion contending that the ruling in *Dorsey* is inapplicable to the defendant's case.

*Dorsey* resolved the issue of whether the Fair Sentencing Act of 2010 (FSA) applied to offenders sentenced after the Act became effective on August 3, 2010, but whose conduct occurred before August 3, 2010. The Court held that the FSA's new, lower mandatory minimums apply when a defendant is sentenced *after* August 3, 2010 for conduct that took place *prior* to August 3, 2010. The FSA reduced the crack cocaine and cocaine disparity from 100:1 to 18:1, lowering the mandatory minimums applicable to many crack offenders by increasing the amount of crack needed to trigger the 5 year minimum from 5 grams to 28 grams, and the amount of crack necessary to trigger the 10 year minimum increased from 50 to 280 grams. The powder cocaine threshold amounts were not changed.

As the government notes in its response, the defendant was sentenced in 2006. Because she was sentenced four years *prior* to enactment of the FSA, she cannot avail herself

1

of the Fair Sentencing Act and the decision in *Dorsey*.

Accordingly, the defendant's motion to reduce her sentence (ECF No. 1225) is denied.

IT IS SO ORDERED.

August 14, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge